# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

U.S. ANNUITY SERVICES, LLC )
    Plaintiffs, ) Case No:
v. )
     )
CHARNESE SETTLES, THE )
PRUDENTIAL ASSIGNED
SETTLEMENT SERVICES
CORPORATION AND THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA,

Defendants.

_____

    Comes now the Plaintiff, U.S. Annuity Services, LLC, as assignee by and through the undersigned counsel, Aindrea M. Conroy and Ethridge, Quinn, Kemp, McAuliffe, Rowan & Hartinger and Defendant Charnese Settles, *pro se*, and as and for their Complaint for Declaratory Relief in this matter state as follows:

    1.    Plaintiff, U.S. Annuity Services LLC, as assignee ("U.S. Annuity Services"), is a limited liability company with the principal place of business in Frederick, Maryland.

    2.    Defendant, CHARNESE Settles,. (the "Applicant" or the "Payee"), resides at 2619 Bowen Road, SE, Apt. 202, Washington. DC, 20020.

    3.    Defendant, The Prudential Assigned Settlement Services Corporation is a corporation organized, upon information and belief, under the laws of the state of New Jersey, and is licensed to do business in Washington, D.C.

    4.    Defendant, The Prudential Insurance Company of America, is a corporation organized, upon information and belief, under the laws of the state of New Jersey, and is licensed to do business in Washington, D.C.

    5.    Venue and Jurisdiction exist in this Court as the original Structured Settlement was approved by this Court (Civil Actions No. 05-1361), attached hereto as Exhibit "A" ("The 2008 Order") Pursuant to 26 U.S.C. § 5891, N.J.S.A. 2A: 16-63 et al., and 28 U.S.C. § 2201.

    6.    The Applicant is entitled to receive certain structured settlement payments as a result of the settlement of a personal injury claim.

7. The party originally obligated to make the period payments pursuant to the settlement was The Prudential Assigned Settlement Services Corporation (the "Structured Settlement Obligor"). In order to fund its obligation to make the settlement payments, the Structured Settlement Obligor purchased an annuity from The Prudential Insurance Company of America (the "Annuity Issuer"). The obligor and annuity issuer as collectively referred to as "Prudential."

8. This court approved the underlying settlement in 2008. The Order contains purported non-assignment language. The Order states , "The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise."

9. Upon information and belief, Prudential does not object to the proposed transfer.

10. Plaintiff seeks a Judgment modifying and/or declaring that said language does not contravene any applicable law and that Petitioner is authorized to proceed with the transfer in the New Jersey Court.

11. Settles has advised U.S. Annuity Services that she wishes to proceed with a transfer of Structured Settlement Payment Rights between U.S. Annuity Services and Settles currently pending in New Jersey.

12. Therefore, U.S. Annuity Services seeks approval from this court to proceed with Transfer of Structured Settlement Payment Rights between U.S. Annuity Services and Settles in the New Jersey State Court. (Exhibit "B")

13. On January 24, 2002, "The Victims Of Terrorism Tax Relief Act," PL 107-134, 115 Stat. 2427, was enacted, which, in part, amends the Internal Revenue Code of 1986. The Act amends 26 U.S.C.A. § 5891 (b)(1). A "structured settlement payment factoring transaction" is defined as "a transfer of structure settlement payment rights (including portions of structures on payments) made for consideration by means of sale, assignment, pledge, or other form of encumbrance or alienation for consideration." 26 U.S.C.A. § 5891 (c)(3)(A) (parenthesis in original). A "structured settlement" is defined as an arrangement established by "agreement for the periodic payment of damages excludable from the gross income of the recipient under

[Internal Revenue Code] section 104 (a)(2)…" and under which the periodic payments are "of the character described in subparagraphs (A) and (B) of section 130(c)(2)."

14. Section 5891 defines a Qualified Order as, in pertinent part, the order of a court issued by the state where the payee (i.e., the Applicant) resides provided that such state has adopted a structured settlement transfer statute. If the state of residence has not adopted a structured settlement transfer statute, then federal law provides that a Qualified Order may be issued by the court of the state of domicile of the payee. In that instance, the court should apply the law of the state where the structured settlement obligor or the annuity issuer is domiciled, if such state has adopted a structured settlement transfer statute.

15. The Applicant resides in the District of Columbia. The District of Columbia has not adopted a structured settlement transfer statute.

16. The Structured Settlement Obligor, upon information and belief, is domiciled in the State of New Jersey. New Jersey has adopted a structured settlement transfer statute: Structured Settlement Protection Act, N.J.S.A. 2A:16-63.  A copy of the New Jersey Act is attached hereto as Exhibit C.

17. IRS Code 5891 provides a safe harbor for buyers of structured settlement annuity payments (such as U.S. Annuity Services) to avoid an excise tax where a payee obtains a court order pursuant to a state law which allows for the transfer of structured settlement payment right from either the state where the payee resides or the state where the annuity issuer or obligor is domiciled. Settles resides in Washington, D.C. The Prudential Insurance Company of America is the annuity issuer for Settles structured settlement annuity and is domiciled in New Jersey. The proper venue for a structured settlement involving Settles is New Jersey.

18. The New Jersey Structured Settlement Protection Act contains a provision which provides that no transfer may "contravene...the order of any court"[1].

19. At Settles' request, U.S. Annuity Services filed a petition seeking approval of a structured settlement with Settles in Essex County Superior court, New Jersey, Case Number L3841-16. A copy of the New Jersey Petition is attached as Exhibit B.

20. It is submitted that the transfer is in the best interest of Settles.

---

[1] N.J.S.A. 2A:16-66(c)

21. It is Petitioner's and Ms. Settles position that the transfer does not contravene any applicable Federal or State statute or the order of any court or other governmental authority or responsible administrative authority. *See* N.J.S.A. 2A:16-63; *see* also U.S.C. §5891(b)(2).

22. It is submitted that the transfer complies with the terms of the Federal Act and the New Jersey Act.

WHEREFORE, for all of the foregoing reasons, the Plaintiffs seeks:

a.) a Judgment modifying and/or declaring that language in the 2008 Order does not contravene any applicable law and;

b.) authorization to proceed with the transfer of Structured Settlement payment rights in the New Jersey Court;

c.) the proposed transfer complies with 26 USC Section 5891, and does not contravene the 2008 Order;

d.) for a declaratory judgment and order allowing U.S. Annuity Services to proceed with the structured settlement transfer in the state of New Jersey;

e.) for such other and further relief as this Court deems just and proper.

Dated this 7th day of July, 2016.                    Respectfully submitted,

ETHRIDGE, QUINN, KEMP,
McAULIFFE, ROWAN &
HARTINGER

   /s/ Aindrea M. Conroy
Aindrea M. Conroy
Bar # 1011466
33 Wood Lane
Rockville, MD 20850
Telephone: 301-762-1696
Fax: 301-762-7691
*Attorney for Plaintiff*